Dear Mr. Gale:
This letter is in response to your questions asking:
 Whether the Conservation Commission of the State of Missouri has the authority under The Missouri Constitution and statutes to conserve, investigate, and establish programs for endangered and threatened plant species and whether such programs will provide for public participation in the designation of such endangered plant species.
As we understand it, this question concerns whether the Missouri Department of Conservation may enter into a cooperative agreement with the Secretary of the United States Department of the Interior under the Endangered Species Act of 1973, as amended.
16 U.S.C.A. Section 1535(c)(2) (West Supp. 1985) states:
 (2) In furtherance of the purposes of this chapter, the Secretary is authorized to enter into a cooperative agreement in accordance with this section with any State which establishes and maintains an adequate and active program for the conservation of endangered species and threatened species of plants. Within one hundred and twenty days after the Secretary receives a certified copy of such a proposed State program, he shall make a determination whether such program is in accordance with this chapter. Unless he determines, pursuant to this paragraph, that the State program is not in accordance with this chapter, he shall enter into a cooperative agreement with the State for the purpose of assisting in implementation of the State program. In order for a State program to be deemed an adequate and active program for the conservation of endangered species of plants and threatened species of plants, the Secretary must find, and annually thereafter reconfirm such finding, that under the State program —
 (A) authority resides in the State agency to conserve resident species of plants determined by the State agency or the Secretary to be endangered or threatened;
 (B) the State agency has established acceptable conservation programs, consistent with the purposes and policies of this chapter, for all resident species of plants in the State which are deemed by the Secretary to be endangered or threatened, and has furnished a copy of such plan and program together with all pertinent details, information, and data requested to the Secretary;
 (C) the State agency is authorized to conduct investigations to determine the status and requirements for survival of resident species of plants; and
 (D) provision is made for public participation in designating resident species of plants as endangered or threatened; or
that under the State program —
 (i) the requirements set forth in subparagraphs (C) and (D) of this paragraph are complied with, and
 (ii) plans are included under which immediate attention will be given to those resident species of plants which are determined by the Secretary of the State agency to be endangered or threatened and which the Secretary and the State agency agree are most urgently in need of conservation programs; except that a cooperative agreement entered into with a State whose program is deemed adequate and active pursuant to clause (i) and this clause shall not affect the applicability of prohibitions set forth in or authorized pursuant to section 1533(d) of section 1538(a) (1) of this title with respect to the taking of any resident endangered or threatened species.
 16 U.S.C.A. Section 1532 (West Supp. 1985) states in part:
For the purposes of this chapter —
* * *
 (3) The terms "conserve", "conserving", and "conservation" mean to use and the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to this chapter are no longer necessary. Such methods and procedures include, but are not limited to, all activities associated with scientific resources management such as research, census, law enforcement, habitat acquisition and maintenance, propagation, live trapping, and transplantation, and, in the extraordinary case where population pressures within a given ecosystem cannot be otherwise relieved, may include regulated taking.
* * *
 (6) The term "endangered species" means any species which is in danger of extinction throughout all or a significant portion of its range other than a species of the Class Insecta determined by the Secretary to constitute a pest whose protection under the provisions of this chapter would present an overwhelming overriding risk to man.
* * *
 (14) The term "plant" means, any member of the plant kingdom, including seeds, roots and other parts thereof.
* * *
 (16) The term "species" includes any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature.
 (17) The term "State" means any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, American Samoa, the Virgin Islands, Guam, and the Trust Territory of the Pacific Islands.
 (18) the term "State agency" means any State agency, department, board, commission, or other governmental entity which is responsible for the management and conservation of fish, plant, or wildlife resources within a State.
* * *
 (20) The term "threatened species" means any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range.
* * *
See, also, 50 C.F.R. Section 81.
 I. Whether the Conservation Commission of the State of Missouri has the Authority under the Missouri Constitution and Statutes to Conserve Endangered and Threatened Plant Species.
 16 U.S.C.A. Section 1535(c)(2) (A) (West Supp. 1985) requires the state agency to have authority to conserve resident species of endangered or threatened plants.
Missouri Constitution, Article IV, Section 40(a) states:
 The control, management, restoration, conservation and regulation of the bird, fish, game, forestry and all wildlife resources of the state,
including hatcheries, sanctuaries, refuges, reservations and all other property owned, acquired or used for such purposes and the acquisition and establishment thereof, and the administration of all laws pertaining thereto, shall be vested in a conservation commission consisting of four members appointed by the governor, by and with the advice and consent of the senate, not more than two of whom shall be of the same political party. The members shall have knowledge of and interest in wildlife conservation. The members shall hold office for terms of six years beginning on the first day of July of consecutive odd years. Two of the terms shall be concurrent; one shall begin two years before and one two years after the concurrent terms. If the governor fails to fill a vacancy within thirty days, the remaining members shall fill the vacancy for the unexpired term. The members shall receive no salary or other compensation for their services as members, but shall receive their necessary traveling and other expenses incurred while actually engaged in the discharge of their official duties.
Missouri Constitution, Article IV, Section 47, states:
 The department of natural resources shall be in charge of a director appointed by the governor, by and with the advice and consent of the senate. The department shall administer the programs of the state as provided by law relating to environmental control and the conservation and management of natural resources.
Section 252.240.2, RSMo Supp. 1984, states:
 2. The exportation, transportation or sale of any endangered species of plant, or parts thereof, or the sale of or possession with intent to sell any product made in whole or in part from any parts of any endangered species of plants is prohibited, unless authorized by regulation. For purposes of this section, "endangered species of plants"
shall mean those species of plants which are designated as rare or endangered by the department of conservation or listed in the "United States List of Endangered and Threatened Wildlife and Plants" pursuant to the Endangered Species Act of 1973, Public Law 93-205 (87 STAT 884) as amended, or listed in the "Appendices on the Convention of International Trade in Endangered Species of Wild Fauna and Flora." [Emphasis in original.]
* * *
 5. The collecting, digging, or picking of any rare or endangered plant without permission of the property owner is prohibited.
Your opinion request indicates that the only species of plants with a range containing at least part of Missouri that has been designated as rare or threatened by the Missouri Department of Conservation, 3 CSR 10-4.111, or listed in the United States List of Endangered and Threatened Wildlife and Plants,50 C.F.R. Section 17.12, or listed in the Appendices in the Convention of International Trade in Endangered Species of Wild Fauna and Flora,50 C.F.R. Section 23.23, is the small whorled pogonia, which was designated as endangered and placed on the United States List of Endangered and Threatened Wildlife and Plants on September 10, 1982,47 F.R. 38927.
We view your first question to have two parts: (A) Whether endangered and threatened plant species are a form of "wildlife" under the Missouri Constitution, Article IV, Section 40(a), or whether such are "natural resources" under Missouri Constitution, Article IV, Section 47, and (B) whether the department of the State of Missouri that has jurisdiction over the conservation of endangered and threatened plant species has sufficient powers to qualify as a "state agency" with the power to "conserve" endangered and threatened plant species, as those terms are defined under 16 U.S.C.A. Section 1532(3) and (18) (West Supp. 1985).
 A. Whether Endangered and Threatened Plant Species are a Form of "Wildlife" Under the Missouri Constitution, Article IV, Section 40(a), or Whether Such are "Natural Resources" Under Missouri Constitution, Article IV, Section 47.
The Missouri Department of Conservation has been delegated the power to control, manage, restore, conserve, and regulate all wildlife resources in Missouri. Missouri Constitution, Article IV, Section 40(a). The Missouri Department of Natural Resources has been delegated the power to conserve and manage natural resources. Missouri Constitution, Article IV, Section 47. We have found no Missouri authorities on whether endangered and threatened plant species are a form of "wildlife" or a "natural resource".
The rules applicable to the construction of statutes are applicable to the construction of constitutional provisions; the latter are given a broader construction due to their more permanent character. Boone County Court v. State, 631 S.W.2d 321,325 (Mo. banc 1982). The words used in constitutional provisions are interpreted so as to give effect to their plain, ordinary and natural meaning. Roberts v. McNary, 636 S.W.2d 332, 335 (Mo. banc 1982). The plain, ordinary and natural meaning of a word is that meaning commonly understood by the People when they adopted the constitutional provision; the commonly understood meaning is derived from the dictionary. Buechner v. Bond, 650 S.W.2d 611,613 (Mo. banc 1983).
The American Heritage Dictionary of the English Language
(1981 Houghton Mifflin Company) defines the word "wildlife" as follows: "Wild animals and vegetation; especially, animals living in a natural, undomesticated state." (Emphasis added.) M. Bean, The Evolution of National Wildlife Law 3 n. 5 (Report to the Council on Environmental Quality, written on behalf of the Environmental Law Institute 1977) indicates that the term "wildlife" has expanded over time and may now include plants.
In Section 252.020(3), RSMo 1978, the General Assembly defined the term "wildlife" for purposes of the Wildlife and Forestry Law to include only animals. While the legislative definition of a constitutional term is given deference, State ex rel. O'Connor v.Riedel, 329 Mo. 616, 46 S.W.2d 131, 134 (banc 1932), we note that the definition of the term "wildlife" in Section 252.020(3), RSMo 1978, is for the purpose of Chapter 252, RSMo, the Wildlife and Forestry Law, and that the General Assembly cannot change the definition of a constitutional term by statute, Mobil Oil Corporation
v. Danforth, 455 S.W.2d 505, 507-508 (Mo. banc 1970). More persuasive is the fact that an examination of Section 10 of the Omnibus State Reorganization Act of 1974, App. B, RSMo 1978, shows that the Department of Natural Resources deals principally, if not exclusively, with inanimate objects, such as water, air, land reclamation, etc. The Department of Conservation, on the other hand, has long acted to conserve the forestry resources of Missouri, a type of plant resource. Missouri Constitution, Article IV, Section 40(a); Chapter 254, RSMo 1978 and Supp. 1984. Accordingly, we conclude that endangered or threatened plant species are a form of "wildlife" under Missouri Constitution, Article IV, Section40(a).
 B. Whether the Department of the State of Missouri that has Jurisdiction Over the Conservation of Endangered and Threatened Plant Species has Sufficient Powers to Qualify as a "State Agency" With the Power to "Conserve" Endangered and Threatened Plant Species, as Those Terms are Defined Under 16 U.S.C.A. Section 1532(3) and (18) (West Supp. 1985).
 16 U.S.C.A. Section 1532(3) (West Supp. 1985) defines the term "conserve" very broadly. The specific methods and procedures enumerated as part of the power to conserve include scientific resources management, such as scientific research, census taking, law enforcement, habitat acquisition and maintenance, propagation, transplantation, and regulated taking.
Missouri Constitution, Article IV, Section 40(a) gives the power to control, manage, restore, and conserve forestry and wildlife resources to the Conservation Commission. We believe these powers impliedly authorize the Conservation Commission to conduct scientific resources management activities, such as scientific research, census taking, propagation, transplantation, and regulated taking. Land or habitat acquisition and maintenance for forestry and wildlife conservation is authorized under Missouri Constitution, Article IV, Section 41. See, also, Missouri Constitution, Article IV, Sections 43(a) and (b).
Conservation agents also have some statutory law enforcement powers. For example, see Section 252.085, RSMo Supp. 1984. Thus, the Missouri Department of Conservation has certain law enforcement powers over endangered and rare plants.
Accordingly, we conclude that the Missouri Conservation Commission has the authority to "conserve" endangered and threatened plant species, as that term is defined in 16 U.S.C.A. Section 1532
(3) (West Supp. 1985).
 II. Whether the Missouri Department of Conservation has the Authority Under the Missouri Constitution and Statutes to Investigate Endangered and Threatened Plant Species.
 16 U.S.C.A. Section 1535(c)(2)(C) (West Supp. 1985) requires that the state agency be authorized to conduct investigations to determine the status and requirements for survival of resident species of plants. The term "investigate" is not defined in the federal law; however, we infer that a scientific, not a criminal, investigation is intended. We conclude that the power to conduct scientific investigations of rare or endangered plants is subsumed with the Conservation Commission's constitutional powers to control, manage, restore, and conserve forestry and wildlife resources in Missouri.
As there presently is no statutory authority for conservation agents or other employees of the Missouri Department of Conservation to enter upon private land for the purpose of investigating the status and requirements of endangered or threatened plant species, such investigations may be conducted upon private property only with the consent of the property owner (s). Cf. Section254.250(2), RSMo 1978; Missouri Attorney General Opinion No. 46, James, 1970.
 III. Whether the Missouri Department of Conservation has the Authority Under the Missouri Constitution and Statutes to Establish Programs for Endangered and Threatened Plant Species.
 16 U.S.C.A. Section 1535(c)(2)(B) (West Supp. 1985) requires the state agency to establish acceptable conservation programs for all resident species of endangered or threatened plants.
We believe the power to establish such programs is subsumed within the Conservation Commission's constitutional power to control, manage, restore, conserve, and regulate forestry and wildlife resources of Missouri.
 IV. Whether Such Programs Will Provide for Public Participation in the Designation of Such Endangered Plant Species.
The Missouri Department of Conservation will designate rare or endangered plant species by administrative rule. Section252.240, RSMo Supp. 1984. Under Section 536.021, RSMo 1978, administrative rules are promulgated under a notice and order form of rule making. The notices of proposed rule making are specifically required to have a provision stating the place at which a statement in support of or opposition to the proposed rule may be filed within a specified time. Section 536.021.2(5), RSMo 1978. Hearings on proposed administrative rules may be held. Section536.021.2(6), RSMo 1978. We believe that these provisions of Missouri's Administrative Procedure Act allow public participation in the designation of endangered and threatened plant species for purposes of 16 U.S.C.A. 1535(c)(2)(D) (West Supp. 1985).
It is, therefore, our view that the Missouri Department of Conservation has the authority to conserve, investigate and establish programs for endangered and threatened plant species, and Missouri's Administrative Procedure Act allows for public participation in the designation of resident endangered or threatened plant species by the Missouri Department of Conservation.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General